# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 06-CV-0841 (JFB) (AKT)

PAUL CLARK, INDIVIDUALLY AND D/B/A TELECOMMUNICATIONS PRIVATE CONSULTANTS, AND MARY CLARK,

Plaintiffs,

VERSUS

COUNTY OF NASSAU,

Defendant.

MEMORANDUM AND ORDER
February 20, 2007

JOSEPH F. BIANCO, District Judge:

Plaintiffs *pro se* Paul Clark ("Paul"), individually and doing business as Telecommunications Private Consultants ("TPC"), and Mary Clark ("Mary") (collectively, "plaintiffs") bring this action under 42 U.S.C. § 1983 against the County of Nassau ("defendant" or the "County"). Defendant moves to dismiss the complaint filed in this action pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, defendant's motion is granted under Rule 8(a).

I. BACKGROUND

On February 27, 2006, plaintiff Paul filed a thirty-three page document labeled as a complaint against the County (the "Complaint"). The Complaint consisted solely of a cover sheet, portions of a motion opposing summary judgment that had been previously filed in a state court contract action brought by plaintiffs against the County (the "state action"), portions of the agreement underlying the state court action, a memorandum from the County Comptroller regarding "Personal Service Contracts," and a letter from the New York Court of Appeals. (Compl.; *see* Dft. Ex. C.)

Subsequently, on June 1, 2006, plaintiffs Paul, individually and doing business as TPC, and Mary filed a 207-page document labeled as an amended complaint (the "Amended Complaint"). The Amended Complaint consists of the documents included in the original Complaint, additional court filings and trial exhibits related to the state action, a court filing related to the appeal of an adverse decision by the state court in that action, court filings related to a federal age discrimination claim brought by plaintiffs against the County

in the Eastern District of New York (the "federal action"), a transcript of a proceeding in the federal action, a petition for certiorari to the Second Circuit of an adverse decision in the federal action, a summary order affirming the district court's dismissal of the federal action, and additional district and appellate court orders issued in the federal action.[1] (Am. Compl.; *see* Dft. Exs. A-B.)

Moreover, the Amended Complaint includes several pages of documents that do not appear, on the face of the documents, to relate to the state or the federal actions. Most significantly, the second page of the Amended Complaint is entitled "42 USC 1983 Civil Rights Act and Whistleblowers Act." (Am. Compl. at 2.) The document provides four "complaints I can authenticate beyound [sic] any reasonable doubts," and goes on to list the following four one-sentence allegations: that the County forged time sheets, issued "special telephone credit cards" to government officials for personal use, purchased cell phones and electronic devices that "were not of a critical nature," and "violated its own agreement with plaintiff." (*Id.*) The document fails to offer any additional details as to the four allegations.

In addition, page 42 of the Amended Complaint is also entitled "42 USC 1983 Civil Rights Act and Whistleblowers Act." (Am. Compl. at 42.) The document appears to recount a 1992 meeting involving plaintiffs and the County Executive at that time, Thomas Gulotta. (*Id.*) The document provides that "I was not aware that my meeting with the . . . County of Nassau officials would become a flagrant example of the whistleblowers act and how county employees would be protected under these statutes as well as 42 USC 1983 Civil Rights Act." The document also refers to a decision by Magistrate Judge E. Thomas Boyle recommending that "the case proceed on the whistleblower claims and civil rights against the County." (*Id.*) Magistrate Judge Boyle is not assigned to this case.

II. DISCUSSION

A. Rule 8(a)

Rule 8(a) provides, in part, that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).[2] The purpose of this requirement is to give "fair notice of the basis" for the plaintiff's claims and the grounds upon which it rests so that the opposing party may identify the nature of the case, respond to the complaint, and prepare for trial. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *see Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ("[F]air notice [is] that which will

---

[1] Some portions of the Amended Complaint were filed as "Exhibits." (*See* Dkt. Entry # 5.)

[2] Rule 8(a) provides:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

FED. R. CIV. P. 8(a).

enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.") (quotations and citation omitted).

Rule 8(a) is "not meant to impose a great burden upon a plaintiff." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005). As the Second Circuit has observed, "[d]ismissal pursuant to the rule 'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Wynder*, 360 F.3d at 80 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988)). Moreover, no matters its length or its form, a complaint "should not be dismissed . . . unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 343 (2d Cir. 2006) ("[D]ismissal on the pleadings never is warranted unless the plaintiff's allegations are doomed to fail under any available legal theory.") (quotations and citation omitted). In addition, in considering a motion under Rule 8(a), courts should liberally construe the complaint of a *pro se* litigant in his or her favor. *Salahuddin*, 861 F.2d at 42; *see also Platsky v. C.I.A.*, 953 F.2d 26, 28 (2d Cir. 1991) ("[T]he Supreme Court has instructed the district courts to construe *pro se* complaints liberally and to apply a more flexible standard in determining the sufficiency of a *pro se* complaint than they would in reviewing a pleading submitted by counsel.") (citations omitted).

However, as the Second Circuit has held, Rule 8(a) does not indicate that "[p]laintiffs bear no burden at the pleading stage." *Amron*, 464 F.3d at 343 (2d Cir. 2006). Instead, a court retains the power, "[w]hen a complaint does not comply with the requirement that it be short and plain, . . . to dismiss the complaint." *Salahuddin*, 861 F.2d at 42; *see, e.g., Russo-Lubrano v. Brooklyn Fed. Sav. Bank*, No. 06 Civ. 0672 (CPS), 2007 WL 121431, at *4 (E.D.N.Y. Jan. 12, 2007) (dismissing claims of *pro se* litigant pursuant to Rule 8(a)). "Further, if the court dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend. This is especially true when the complaint states a claim that is on its face nonfrivolous." *Simmons*, 49 F.3d at 86-87.

B. Application

Defendant argues that the Amended Complaint fails to give "fair notice" of the claims asserted by plaintiffs or the basis for plaintiffs' claims. For the reasons that follow, the Court finds that the Amended Complaint fails to satisfy the minimal pleading requirements of Rule 8(a). That is, applying a relatively more "flexible standard" for determining the sufficiency of a *pro se* complaint, the Court finds that the Amended Complaint "is so . . . ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin*, 861 F.2d at 42.

Nearly all of the documents presented in the Amended Complaint relate to two prior actions initiated by plaintiffs. At the time that plaintiffs commenced the instant action, it appears that both prior actions had been dismissed by the respective trial courts hearing those actions, and those dismissals had been affirmed by the respective appellate

3

courts reviewing those actions.[3] (*See* Dfts.' Exs. A-C); *Clark v. Cty of Nassau*, 5 N.Y.3d 712 (N.Y. 2005) (denying motion for leave to appeal dismissal of the state action); *Clark v. Cty. of Nassau*, 175 F.3d 1007, 1999 WL 178792 (2d Cir. March 26, 1999) (Table) (affirming dismissal of the federal action). Nevertheless, in the Amended Complaint, plaintiffs fail to explain or to offer any basis for this Court to ascertain how documents related to plaintiffs' prior actions are relevant to plaintiffs' claim for relief in the instant action. Instead, the 207 pages of the Amended Complaint present an unorganized collection of documents dotted with a few vague references to violations of "42 U.S.C. Civil Rights Act and Whistleblowers Act." (Am. Compl. at 2.)

As such, it is impossible to determine whether plaintiffs state a cognizable claim for relief. For example, the claims underlying the prior state and federal actions appear to have accrued, respectively, in 1994 and 1996. (*See* Dft. Exs. A-B.) If plaintiffs now seek relief under Section 1983 for the same events underlying those claims, the instant action would likely be barred by the applicable statute of limitations. *See, e.g., Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004) (noting that a three-year statute of limitations applies to claims asserted under Section 1983). In addition, if plaintiffs now seek to re-litigate the claims raised in the prior state and federal actions, the instant action would likely be barred by the doctrines of *res judicata* or collateral estoppel. *See Flaherty v. Lang*, 199 F.3d 607, 613 (2d Cir. 1999) ("Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . . [C]ollateral estoppel, or issue preclusion, means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated by the same parties in a future lawsuit.") (quotation marks and citations omitted).

Moreover, the few documents that do not appear to relate to the state or federal actions also fail to give fair notice of a claim showing that plaintiffs are entitled to relief. As to the first three allegations on page two of the Amended Complaint, regarding misconduct by the County, plaintiffs fail to give notice of when these incidents allegedly occurred or of the individuals involved, or to identify how the incidents violated a federal right guaranteed to plaintiffs. As to the fourth allegation on page two, regarding the County's violation of an agreement, plaintiffs fail to identify any agreement they had with the County or the acts that allegedly violated such an agreement. Similarly, the allegations on page 42, regarding a meeting with the former County Executive, fail to demonstrate how the meeting serves as a basis for a claim that would entitle plaintiffs to relief in this Court. Thus, these documents, as with the rest of the Amended Complaint, fail to provide notice of a claim showing that plaintiffs are entitled to relief. *See, e.g., D'Agostino v. Sarivola*, No. 00 Civ. 3056 (MP), 2001 WL 761063, at *2 (S.D.N.Y. July 5, 2001).

---

[3] The Court takes judicial notice of the respective opinions filed in the state action and the federal action. A court may take judicial notice of an opinion issued in a prior proceeding, but "only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion." *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

Nevertheless, the Court finds that, "however inartfully pleaded, these allegations suggest that . . . plaintiff[s] had specific instances of injury in mind" in crafting the Amended Complaint. *Platsky*, 953 F.2d at 28. Thus, plaintiffs "should have a chance to state [their] claim[s] more clearly. It is not 'beyond doubt that . . . plaintiff[s] can prove no set of facts in support of [their] claims.'" *Id.* at 29 (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)).

Accordingly, after carefully examining all of the documents that make up the Amended Complaint and applying a "flexible standard in determining the sufficiency of a *pro se* complaint," *Platsky*, 953 F.2d at 28, the Court finds that the Amended Complaint is so vague and ambiguous that defendant is unable to identify the nature of the case, respond to the complaint, and prepare for trial. However, the Court further finds that plaintiffs should be afforded the opportunity to set forth their claims with some greater degree of clarity. *See, e.g., Simmons*, 49 F.3d at 86-87 ("[I]f the court dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend."); *Salahuddin*, 861 F.2d at 42 ("When the court chooses to dismiss, it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8."); *see also Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss pursuant to Rule 8(a) is granted.[4] The Amended Complaint is dismissed without prejudice. Plaintiffs shall prepare and serve a second amended complaint within thirty days of the date of this Order.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: February 20, 2007
Central Islip, New York

\* \* \*

Plaintiffs appear *pro se*. The attorney for defendant is Lorna B. Goodman, Nassau County Attorney, by Liora M. Ben-Sorek, Deputy County Attorney, Nassau County Attorney's Office, One West Street, Mineola, New York 11501.

---

[4] Because the Court grants defendant's motion pursuant to Rule 8(a), it declines to reach the other grounds for dismissal raised by defendant.