```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
                                    :
PAUL CLARK et al.,                  :
                                    :
            Plaintiffs,             :     ORDER
                                    :     06-CV-0841 (JFB)(ARL)
         – against –                :
                                    :
COUNTY OF NASSAU,                   :
                                    :
            Defendant.              :
                                    :
-----------------------------------X
```

JOSEPH F. BIANCO, District Judge:

By Memorandum and Order dated February 20, 2007 (the "February 20 Order"), this Court dismissed *pro se* plaintiffs' complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure, and afforded plaintiffs thirty days to prepare and to serve an amended complaint in the above-entitled action. On March 27, 2007, this Court received from plaintiff Paul Clark ("Paul") a two-page document entitled "Response to Memorandum and Order" (the "Response"). The Response stated that Paul was "not qualified to answer legally" and that any amended pleading "would be a repeat of what is already on record." (Pls.' Response, at 1.) After reviewing the Response, the Court found that it did not address any of the deficiencies in plaintiffs' complaint that were identified by the Court in its February 2007 Order. Accordingly, in an Order issued on April 10, 2007,[1] the Court afforded plaintiffs an additional thirty days to submit an amended pleading that complied with the Court's directions regarding the minimal requirements of Rule 8. (April 10, 2007 Order, at 2.) The Court also warned plaintiffs that, should they "fail to amend their complaint within thirty days" in accord with the Court's directions, "judgment shall be entered dismissing the action." (*Id.*)

---

[1] The Court notes that its April 10, 2007, order was erroneously labeled with the date "April 10, 2006."

Subsequently, on April 30, 2007, plaintiff Paul did not file an amended pleading, but rather submitted a confusing array of portions of various state court filings, documents that appear to be related to prior actions filed by plaintiffs, and other documents whose relevance to this or any other action are unknown.[2] Many of the documents contained in Paul's submission were previously presented to the Court by Paul, and addressed in this Court's February 20 Order. As the Court held at that time:

> Nearly all of the documents presented . . . relate to two prior actions initiated by plaintiffs [ – one in New York State court and one in federal court]. . . . At the time that plaintiffs commenced the instant action, . . . both prior actions had been dismissed by the respective trial courts hearing those actions, and those dismissals had been affirmed by the respective appellate courts reviewing those actions. (*See* Dfts.' Exs. A-C); *Clark v. Cty of Nassau*, 5 N.Y.3d 712 (N.Y. 2005) (denying motion for leave to appeal dismissal of the state action); *Clark v. Cty. of Nassau*, 175 F.3d 1007, 1999 WL 178792 (2d Cir. March 26, 1999) (Table) (affirming dismissal of the federal action). . . . [P]laintiffs fail to explain or to offer any basis for this Court to ascertain how documents related to plaintiffs' prior actions are relevant to plaintiffs' claim for relief in the instant action.

February 20, 2007 Order, at 3-4.[3] Furthermore, as to those documents in Paul's most recent submission that have not previously been presented to the Court, the Court finds, after a thorough review thereof, that nearly all of those documents also appear to relate to the claims

---

[2] For example, in Paul's most recent submission, he includes a letter from "Michael T. Hopkins, Esq.," addressed to the "Clark Family," wherein Mr. Hopkins urges the Clarks to vote for certain candidates in a local election. (Pls.' April 30, 2007 Submission, at 22.)

[3] The Court took judicial notice of the respective opinions filed in plaintiffs' state and federal actions, "only to establish the existence of the opinion[s], not for the truth of the facts asserted in the opinion[s]." *Global Network Comm'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

asserted in plaintiffs' prior actions.[4]  In any event, it is beyond doubt that the entirety of plaintiffs' most recent submission fails to give fair notice of a claim showing that plaintiffs are entitled to relief.

Accordingly, after carefully examining all of the documents submitted by plaintiffs and applying a "flexible standard in determining the sufficiency of a *pro se* complaint," *Platsky*, 953 F.2d at 28, the Court again finds that plaintiffs' initial complaint and subsequent submissions, taken collectively, are so vague, ambiguous, and unintelligible that defendant is unable to identify the nature of the case, respond to the complaint, and prepare for trial.  Thus, because plaintiffs' most recent submission fails to cure any of the defects in plaintiffs' original complaint and, as such, does not provide fair notice of the basis for plaintiffs' claims, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), the Court finds that plaintiff has failed, for a second time, to successfully amend their pleadings in this action.

The Court recognizes that *pro se* litigants that initially fail to comply with Rule 8 should generally be afforded the opportunity to set forth their claims with a sufficient degree of clarity. *See, e.g., Simmons*, 49 F.3d at 86-87 ("[I]f the court dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend."); *Salahuddin*, 861

---

[4] In the February 20 Order, the Court observed, with regard to any claims related to plaintiffs' prior actions, that the claims underlying the prior state and federal actions appear to have accrued, respectively, in 1994 and 1996.  (Feb. 20, 2007 Order, at 4 ("If plaintiffs now seek relief under Section 1983 for the same events underlying those claims, the instant action would likely be barred by the applicable statute of limitations.") (citing *Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004) (noting that a three-year statute of limitations applies to claims asserted under Section 1983)).)  In addition, the Court noted that, "if plaintiffs now seek to re-litigate the claims raised in the prior state and federal actions, the instant action would likely be barred by the doctrines of *res judicata* or collateral estoppel." (*Id.* (citing *Flaherty v. Lang*, 199 F.3d 607, 613 (2d Cir. 1999) ("Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . . [C]ollateral estoppel, or issue preclusion, means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated by the same parties in a future lawsuit.") (internal quotation marks and citations omitted)).)

F.2d at 42 ("When the court chooses to dismiss, it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8."); *see also Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). However, this Court may dismiss an action with prejudice under Rule 8 where, as here, plaintiffs have twice demonstrated their inability to amend the complaint in a manner that suggests that they are even attempting to satisfy Rule 8, plaintiffs have not requested a further opportunity to amend, and plaintiffs received notice that their failure to file a sufficient pleading would result in dismissal of this action.[5] *See, e.g., Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (noting that a court may dismiss an action with prejudice where "leave to amend has previously been given and the successive pleadings remain prolix and unintelligible"); *Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978) (finding dismissal with prejudice appropriate where the plaintiff was received notice of deficiencies in complaint at time of first amendment, and, therefore, was not entitled to a "third go-around"); *Treppel v. Biovail Corp.*, No. 03 Civ. 3002 (PKL), 2005 WL 2086339, at *12 (S.D.N.Y. Aug. 30, 2005) (dismissing an action without leave to replead where "plaintiff has already had two bites at the apple and they have proven fruitless"); *Neal v. Martinez*, No. 01 Civ. 11587 (VM), 2003 WL 260524, at *4 (S.D.N.Y. Feb. 5, 2003) ("In the instant case, the Court is not persuaded that Plaintiffs would be able to amend the Complaint in a manner which would survive dismissal, and consequently, any opportunity to replead is rightfully denied."): *Wolff v. Rare Medium, Inc.*, 210

---

[5] The Court notes that defendant filed a motion to dismiss plaintiffs' initial complaint, which the Court granted with leave to replead on February 20, 2007, and that defendant has not filed a motion to dismiss this latest filing by plaintiffs which, as noted *supra*, is not an amended complaint but rather another compilation of documents which shed no light on the nature of any potential claims. However, the Court now exercises its discretion to review plaintiffs' complaint and subsequent submissions, and, having found them – for a third time – to be lacking under Rule 8, to dismiss this action with prejudice *sua sponte*. *See Simmons*, 49 F.3d at 86; *Hernandez v. United States Sup. Ct.*, No. 96 Civ. 4160 (RWS), 1997 U.S. Dist. LEXIS 14256, at *1 (S.D.N.Y. April 18, 1997) ("Upon *sua sponte* review, the second amended complaint of [the plaintiff] is hereby dismissed with prejudice for failure to comply with the requirement of Rule 8.").

F. Supp. 2d 490, 500 (S.D.N.Y. 2002); *Faulkner v. Verizon Comm'ns, Inc.*, 189 F. Supp. 2d 161, 174 (S.D.N.Y.2002) ("Because plaintiffs have not requested leave to amend, and because this Court has already allowed plaintiffs an opportunity to replead, the Amended Complaint is dismissed with prejudice."); *Rozsa v. May Davis Group, Inc.*, 187 F. Supp. 2d 123, 132 (S.D.N.Y. 2002) (dismissing action "without leave to replead" where plaintiff failed in his "second effort to state a claim"); *Barsella v. United States*, 135 F.R.D. 64, 66-67 (S.D.N.Y. 1991) (dismissing complaint with prejudice where plaintiff failed to file an amended complaint that satisfied Rule 8, and where the had no "basis to believe, given the history of this litigant and the manner in which she has proceeded thus far, that any further amended pleadings will cure these deficiencies in this case"); *see also Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend his complaint "in a manner which would survival dismissal, opportunity to replead is rightfully denied"); *Gomes v. Avco Corp.*, 964 F.2d 1330, 1336 (2d Cir. 1992) ("While we ordinarily require the district courts to give substantial leeway to *pro se* litigants, here [the plaintiff] has already amended his complaint three times, once with the benefit of counsel. The district court was well within its discretion in denying leave to amend a fourth time."). Here, as noted *supra*, plaintiffs have failed twice to present a pleading that gives any notice of the claims asserted in this action; rather, their "successive pleadings remain prolix and unintelligible." *Salahuddin*, 861 F.2d at 42. Thus, even according plaintiffs the "substantial leeway" afforded to *pro se* litigants, *Gomes*, 964 F.2d at 1336, the Court finds dismissal with prejudice is appropriate in this action because the deficiencies in plaintiffs' pleadings were called to their attention at the time their original complaint was dismissed without prejudice, and again at the time their response thereto was rejected by this Court, and plaintiffs have repeatedly refused to make a colorable attempt to cure any of these deficiencies.

Therefore, plaintiffs' original complaint is DISMISSED with prejudice. The Clerk of the Court shall enter judgment accordingly and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, thus, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

                SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:       July 5, 2007
                Central Islip, New York